UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANE M. SELLERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16-CV-1377 NAB |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Dane M. Sellers' (Sellers) appeal regarding the denial of disability insurance benefits and supplemental security income under the Social Security Act. Sellers alleged disability due to spondylolisthesis, grade 2, spondylolysis, lumbosacral severe neuroforaminal stenosis at L5-S1, bipolar disorder, post-traumatic stress disorder, and depression. (Tr. 282.) The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 10.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. The court held a hearing by telephone on September 18, 2017. Based on the following, the Court will affirm the Commissioner's final decision.

**I.   Issue for Review**

Sellers presents one issue for review. He asserts that the ALJ's hypothetical question to the vocational expert and the resulting residual functional capacity determination are not

supported by substantial evidence. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II.     Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)1)A), 423(d)1)(A).

The SSA uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work. 20 C.F.R. §§ 404.1520(e) 416.920(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant

satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 726 (8th Cir. 2004).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

    (1) The findings of credibility made by the ALJ;

    (2) The education, background, work history, and age of the claimant;

    (3) The medical evidence given by the claimant's treating physician;

    (4) The subjective complaints of pain and description of the claimant's physical impairment;

  (5) The corroboration by third parties of the claimant's physical impairment;

  (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and

  (7) The testimony of consulting physicians.

*Brand. V. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

## III. Discussion

In this case, the ALJ found that Sellers had the severe impairments of degenerative disc disease, spondylolisthesis, bipolar disorder, depression, and panic disorder. (Tr. 13.) The ALJ opined that Sellers was limited to sedentary work with the following additional limitations: (1) able to stand and walk for 15 minutes at a time for 2 hours of an 8 hour workday; (2) able to sit for 30 minutes at a time for six hours in an 8 hour workday; (3) cannot climb, kneel, crouch, or crawl; (4) may occasionally balance and stoop; (5) must avoid hazards including dangerous machinery or unprotected heights; (6) perform simple and routine tasks; and (7) occasionally interact with supervisors, co-workers, and the public. (Tr. 15.)

After Sellers' first administrative hearing, the ALJ submitted medical interrogatories to medical expert, Dr. Louis Fuchs. (Tr. 357-64.) On September 14, 2014, Dr. Fuchs completed his responses. (Tr. 770-78.) Dr. Fuchs did not examine Sellers, but he examined Sellers' medical records. (Tr. 770). Dr. Fuchs opined that Sellers' impairments did not reach listing level. (Tr. 771.) He opined that Sellers could lift and carry up to 20 pounds continuously, but not more than that weight. (Tr. 773.) He also opined that Sellers could sit, stand and walk for 1 hour at a time without interruption, stand and walk for three hours without interruption, and sit for 8 hours without interruption. (Tr. 774.) Dr. Fuchs indicated that Sellers could occasionally

climb stairs and ramps, stoop, kneel, crouch, and crawl; continuously balance, and never climb ladders or scaffolds. (Tr. 776.) He also indicated that Sellers could occasionally be exposed to humidity, wetness, and extreme heat, but never extreme cold or vibrations. (Tr. 777). Dr. Fuchs opined that Sellers could continuously be exposed to unprotected heights, moving mechanical parts, and operate a motor vehicle. (Tr. 777.) Finally, he opined that Sellers' limitations would last for twelve consecutive months. (Tr. 778.)

At the second administrative hearing, Dr. Fuchs testified that for at least six months after Sellers' surgery, he would have less than sedentary restrictions. (Tr. 78.) Dr. Fuchs also stated that when indicating that Sellers could sit for 8 hours a day in the medical interrogatory, he meant that "he can do a sedentary job, seated, given the opportunity to change positions, stand up, walk a moment or two at will." (Tr. 80.) Dr. Fuchs testified that in his review of the record, from June 2010 to the date of hearing, the medical records indicated there was no continuous 12 month period for which Sellers would have been incapable of performing sedentary work during an eight hour day. (Tr. 83.)

In his opinion, the ALJ gave Dr. Fuchs' opinion considerable weight, but not substantial weight. (Tr. 19.) The ALJ found that the medical record showed Sellers was more limited in his ability to kneel, crouch, and crawl than Dr. Fuchs recommended; therefore, the RFC determination opined by the ALJ restricted Sellers from performing any of those activities. (Tr. 18-19.)

The ALJ also submitted a vocational interrogatory to vocational expert Gary Weimholt. (Tr. 384-87.) In the interrogatory, the ALJ presented the following hypothetical:

> Assume a hypothetical individual who was born on May 5, 1986, has at least a high school diploma and is able to communicate in English as defined in 20 CFR 404.1654 and 416.964, and has work experience as described in your

> response to question #6. Assume further that this individual has the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is able to lift and/or carry 10 pounds occasionally and 5 pounds frequently; stand and/or walk for 15 minutes at a time for a total of 2 hours during an 8-hour workday; sit for 30 minutes at a time for a total of 6 hours in an 8-hour workday; no climbing, occasional balancing and stooping, no kneeling, crouching or crawling; he must avoid hazards, such as dangerous machinery or unprotected heights; he is able to perform simple and routine tasks, he is able to interact with supervisors, coworkers, and the public occasionally.

(Tr. 385.) The VE opined that the individual would be unable to perform any past relevant work, because all past relevant work exceeded the sedentary exertional level. (Tr. 385.) The VE also opined that the hypothetical individual could find work in the national economy as a document preparer, ampoule sealer, and final assembler. (Tr. 386.) Sellers' attorney submitted an additional interrogatory to the VE. (Tr. 395-97.) In that interrogatory, the additional requirement of a sit/stand option at will was included. (Tr. 395.) The VE indicated that if the sit/stand option at will was included, the hypothetical person would be unable to perform the jobs identified in the original vocational interrogatory. (Tr. 395.)

Sellers contends that the ALJ erred by failing to include a sit/stand option at will, as discussed in Dr. Fuchs' testimony, in the hypothetical question to the vocational expert, which resulted in testimony by the vocational expert that is not supported by substantial evidence.

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545(a),416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p,

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907. "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record." *Willcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 416.927(b). "A disability claimant has the burden to establish her RFC." *Eichelberger*, 390 F.3d 584, 591 (8th Cir. 2004) (citing *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004)). The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion.

"Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question." *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). "[T]he ALJ's hypothetical question must include the impairments that the ALJ finds are substantially supported by the record as a whole." *Id.* "However, the hypothetical need only include those impairments which the ALJ accepts as true." *Grissom v. Barnhart*, 416 F.3d 834, 836 (8th Cir. 2005). A "hypothetical question posed to a vocational expert must capture the concrete consequences of claimant's deficiencies." *Pickney*, 96 F.3d at 297.

Based on a review of the evidence in the record as a whole, the Court finds that the ALJ did not err in failing to include the sit/stand option at will in the RFC determination. Substantial

evidence exists to support the ALJ's conclusion not to include a sit/stand option at will in the RFC. The ALJ's decision notes Dr. Fuchs' testimony in his decision, therefore, he considered the evidence. Because the ALJ's RFC determination is based on the record as a whole, the ALJ is not required to completely adopt any expert or doctor's opinion. *Pearsall*, 274 F.3d at 1217. Also, absent conflicting testimony from another expert, the ALJ was not required to discuss specifically why he did not include a sit/stand at will option. *See Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007) (ALJ's function to resolve conflicts among the opinions of various treating and examining physicians). Although the ALJ's decision specifically mentions that he discounted Dr. Fuchs' opinion regarding the suggested kneeling, crawling, and crouching findings, he also did not mention that he did not fully adopt Dr. Fuchs' opinion regarding how long Sellers could sit, stand, or walk at one time in a work day. (Tr. 15, 774.) The ALJ provided a detailed analysis of the evidence considered in forming the RFC determination. Based on the foregoing, the Court finds that the ALJ's decision should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 20.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 18th day of September, 2017.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE